UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In re: <br> CHARLESTON ASSOCIATES, LLC, <br> Debtor. | BK No. BK-S-13-10499 MKN |
| CHARLESTON ASSOCIATES, LLC, <br> Appellant(s), <br> v. <br> RA SOUTHEAST LAND COMPANY, LLC; <br> CITY NATIONAL BANK, <br> Appellee(s). | Case No. 2:17-CV-3112 JCM <br><br> ORDER |

Presently before the court is an appeal of a bankruptcy court's order. Appellant U.S. Bank National Association ("U.S. Bank") has filed an opening brief. (ECF No. 14). Appellee City National Bank ("City National") has filed an answering brief (ECF No. 21), to which appellant replied (ECF No. 23).

I. **Background**

On November 15, 2017, appellant U.S. Bank filed a petition with the United States Bankruptcy Court seeking an order directing appellee City National to return funds garnished from an account maintained by New Boca Syndications Group, LLC ("New Boca") at Wells Fargo Bank ("Wells Fargo"). (ECF No. 15 at 131–40). City National previously obtained a judgment against New Boca in an adversary proceeding and executed on the judgment via a writ of execution served on Wells Fargo, garnishing funds from account no. 5601 (the "cash collateral account") in the

amount of $542,343.11. *Id.* The funds were seized by the constable for the Las Vegas Township and remitted to City National. *Id.*

U.S. Bank argued before the bankruptcy court that the funds in the cash collateral account were improperly garnished, alleging that the funds did not belong to New Boca, but rather had been pledged to U.S. Bank to secure repayment of prior indebtedness. *Id.* As a result, U.S. Bank argued, City National had no legal right to garnish funds owned by U.S. Bank in order to satisfy its judgment against New Boca.

On December 5, 2017, the Honorable Mike K. Nakagawa issued an order on behalf of the bankruptcy court denying U.S. Bank's petition. *Id.* Judge Nakagawa held that U.S. Bank had no more than a security interest in the funds, which is insufficient to overcome the property interest in the funds held by a transferee (here, City National) pursuant to NRS 104.9332, which provides:

> 1. A transferee of money takes the money free of a security interest unless the transferee acts in collusion with the debtor in violating the rights of the secured party.
> 2. A transferee of funds from a deposit account takes the funds free of a security interest in the deposit account unless the transferee acts in collusion with the debtor in violating the rights of the secured party.

Nev. Rev. Stat. § 104.9332. *See* (ECF No. 15 at 131–140).

To support his ruling that U.S. Bank held only a security interest in the funds in the cash collateral account, Judge Nakagawa relied upon his review of the cash management agreement ("CMA") between New Boca, Wells Fargo, and U.S. Bank. (ECF No. 15 at 131–140). The cash management agreement allegedly sets forth New Boca, Wells Fargo, and U.S. Bank's respective rights and obligations with respect to the funds deposited into the account. *Id.*

On December 26, 2017, U.S. Bank filed its notice of appeal from bankruptcy court. (ECF No. 1). Now, on appeal, U.S. Bank asks the court to determine that (1) the bankruptcy court's finding that U.S. Bank does not have an ownership interest in the funds in the cash collateral account was in error; (2) the bankruptcy court erred in deeming City National a transferee of funds under NRS 104.9332; and (3) whether the failure of any party to provide notice to U.S. Bank of the garnishment is grounds for reversal of the order. (ECF No. 14 at 8).

. . .

**II. Legal Standard**

Jurisdiction over an appeal from an order of a bankruptcy court is governed by 28 U.S.C. § 158. *In re Rains*, 428 F.3d 893, 900 (9th Cir. 2005). A district court has jurisdiction to hear appeals from "final judgments, orders, and decrees . . . and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges." 28 U.S.C. § 158(a); *In re Rains*, 428 F.3d at 900.

The district court reviews a bankruptcy court's conclusions of law, including its interpretation of the bankruptcy code, on a *de novo* basis. *In re Rains*, 428 F.3d at 900; *In re Maunakea*, 448 B.R. 252, 258 (D. Haw. 2011). Findings of fact are reviewed for clear error. *United States v. Hinkson*, 585 F.3d 1247, 1260 (9th Cir. 2009).

**III. Discussion**

The success of U.S. Bank's appeal from the bankruptcy court turns on whether the funds held in the cash collateral account belonged to U.S. Bank or New Boca. A determination of ownership of property is a question of law, which the court reviews on a *de novo* basis. *See ITNX v. Alpha Bus. Group, Inc. (In re Hurt)*, 9 Fed. Appx. 780, 782 (9th Cir. 2001). *See also* 428 F.3d at 900.

The court is hampered in its effort to review this case by the failure of both parties to comply with the Federal Rules of Appellate Procedure and the Bankruptcy Appellate Panel Rules. Federal Rule of Appellate Procedure 10(b)(2) provides:

> If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of *all* evidence relevant to such finding or conclusion.

U.S.C.S. Fed. Rules App. Proc. 10(b)(2) (emphasis added). *See also In re Friedman*, 126 B.R. 63, 68 (9th Cir. 1991).

Additionally, Federal Rule of Bankruptcy Procedure 8009(b)(5) provides nearly identical language to FRAP 10(b)(2). *See* U.S.C.S. Bankruptcy R. 8009(b)(5). Both rules thus require the appellant to include all evidence relevant to its appeal.

Here, the parties have failed to enter into the record a copy of the CMA, which the court requires in order to conduct a *de novo* review as to the ownership of the funds in the cash collateral

account.  Indeed, the CMA is the document that the parties, as well as the bankruptcy court below, relied upon in determining which entity held an ownership interest in the funds at the time of the garnishment.  As a result, there is no evidentiary basis upon which the court can evaluate the findings of the bankruptcy court in this case.

Accordingly, the court affirms the decision of the bankruptcy court.  *In re Friedman*, 126 B.R. at 68 (noting that the court would be justified in affirming the decision below on the basis that appellant had not supplied the court with the portions of the record indicating that the bankruptcy court's decision was in error).

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the bankruptcy court's order be, and the same hereby is, AFFIRMED.

The clerk is instructed to close the case accordingly.

DATED September 24, 2018.

                                                                               _____
                                                                               UNITED STATES DISTRICT JUDGE